IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATE 2, CORP.; CONTINENTAL GENERAL INSURANCE COMPANY; and LEO CAPITAL HOLDINGS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MOTORSPORT GAMES INC. (f/k/a MOTORSPORT GAMING US LLC); MIKE ZOI; JONATHAN NEW; DMITRY KOZKO; and ALEX ROTHBERT,<br><br>Defendants. | Civil Action No. 21-00165-SB |

**STIPULATED PROTECTIVE ORDER**

Plaintiffs Innovate 2, Corp., Continental General Insurance Co., and Leo Capital Holdings LLC and Defendants Motorsport Games Inc., Mike Zoi, Jonathan New, Dmitry Kozko, and Alex Rothbert, by counsel, hereby stipulate to the entry of this order for the protection of the applicable confidential, personal, research, development, commercial information, or trade secrets ("Protected Material") that is produced in the above-styled case (the "Action").

1.  **Definition of Confidential Information and Use.**

The parties (as well as non-parties) producing Protected Material in this Action (each, a "Designating Party") shall have the right to designate the Protected Material as "CONFIDENTIAL."

Protected Information designated as "CONFIDENTIAL" includes any documents or oral disclosures produced by a disclosing party in this action, or by a third party in response to a subpoena, which are, in good faith, determined by a Designating Party to contain confidential or

proprietary information, or other commercially sensitive or personally sensitive information of a non-public nature.

The information or documents designated as "CONFIDENTIAL" shall be used by the recipient solely for the purpose of preparing for, conducting, or assisting in the conduct of, the proceedings in this Action, or any Action to enforce or recover a judgment entered in this Action, and shall not be used for any other purpose, except insofar as a party is entitled to such document, material, testimony, or other information independent of the right to conduct discovery in this Action. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. **Definition of Attorney's Eyes Only ("AEO") Information.**

A Designating Party may designate as "Attorney's Eyes Only" ("AEO") any information if, in the reasonable discretion of the Disclosing Party, it is determined in good faith to contain non-public information of a competitively sensitive nature such as, but not limited to, trade secret or proprietary information, business and marketing plans, financial analyses, financial and accounting information, pricing information, estimated and actual revenue, estimated and actual costs, estimated and actual profits, estimated and actual losses, and other financial information, or to involve or implicate information that is the subject of a non-disclosure or confidentiality agreement or the privacy interests of persons or entities who are not a party to this lawsuit.

The omission of any type of information from this section does not imply that such information cannot qualify as Confidential or AEO Information, so long as the Designating Party in good faith believes that such information qualifies as such.

4. **Labeling of Confidential Information.** Designations for purposes of this Order shall be made in the following manner:

   a. With regard to written material (including documents and transcripts of depositions or other testimony) and electronic images (such as PDFs), the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" should be affixed to the bottom of each page or other location that is readily visible and does not interfere with the legibility of information contained in the document; and

   b. With regard to non-written material, such as electronically stored information, recordings, magnetic media, photographs, and things, the designation consistent with Paragraphs 1–3 should be affixed to the material or its enclosing media or container in any reasonable manner.

   c. With regard to testimony given at a deposition or hearing which a party in good faith believes contains or references "CONFIDENTIAL" Information, the resulting transcript will be treated as "ATTORNEYS' EYES ONLY," and all parties shall maintain the deposition or hearing transcript and information contained therein as "ATTORNEYS' EYES ONLY" until at least ten (10) days after receipt of a copy of the transcript. Any party desiring to maintain confidentiality more than ten (10) days after receipt of a copy of the transcript must designate in writing before the ten (10) days expires those portions of the transcript regarded as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5. **Persons Authorized to Receive "CONFIDENTIAL" Protected Material.**

   No document, material, testimony, or other information that is designated

"CONFIDENTIAL" may be disclosed, shown, or made available to any person, firm, or entity, except to the following:

    a. outside counsel and any in-house counsel for the parties in this Action;

    b. employees of outside counsel's law firm, if applicable, to the extent reasonably necessary to render professional services in this Action;

    c. the Court and its personnel;

    d. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary in this Action;

    e. consultants and experts to whom disclosure is reasonably necessary and who demonstrate their agreement to abide by the terms of this Order by executing the Confidentiality Agreement in the form attached hereto as Exhibit A;

    f. the parties and their officers, directors, or other corporate representatives, including current and former employees assisting the parties in the prosecution or defense of this action;

    g. witnesses or third parties who are noticed or called to testify at a deposition or at trial in this Action, and who demonstrate their agreement or understanding of the terms of this Order either by acknowledging the same during the course of testifying under oath or by executing the Confidentiality Agreement in the form attached hereto as Exhibit A, though, in the event that such witness or third party declines to demonstrate their agreement or understanding of the terms of this Order during the course of testifying under oath, the parties agree that, in the absence of agreement among counsel as to what the third party may review and be questioned about, any party may contact the Court, including

        telephonically, for an immediate ruling as to whether, under the particular circumstances at hand, it is appropriate to allow the third party to review "CONFIDENTIAL" material so as to allow questioning and testimony regarding the same;

  h.  the author or any original recipient of the "CONFIDENTIAL" material.

  i.  any other person designated by written agreement of the parties.

Any disagreements as to such designation will be governed by section 9 of this Order. Such disclosures are authorized only to the extent necessary to prosecute or defend this Litigation.

  6.  **<u>Persons Authorized to Receive "Attorney's Eyes Only" Protected Material.</u>**

Unless otherwise ordered by the Court or permitted in writing by the designating party, any material designated "ATTORNEY'S EYES ONLY" or "AEO" may only be disclosed to:

  a.  outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

  b.  in-house counsel for the parties;

  c.  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Agreement" (Exhibit A);

  d.  the Court, court personnel, and court reporters and their staff;

  e.  the author or any recipient of the original AEO material; and

  f.  any other person designated by written agreement of the parties.

Any disagreements as to such designation will be governed by section 9 of this Order. Such disclosures are authorized only to the extent necessary to prosecute or defend this Litigation.

7. **Designation of Deposition During Testimony.**

If a portion of a deposition transcript is designated as "CONFIDENTIAL" or "AEO" at the time of the deposition, the designating party shall have the right to seek to exclude all persons from the deposition before the protected testimony is taken except counsel of record for the deponent, the deponent, and any other person authorized to receive such Protected Material, subject to the right of the party who is the subject of the request to exclude him, her, or it from the deposition to contact the Court, including telephonically, in order to obtain an immediate ruling as to whether, under the particular circumstances at hand, it is appropriate to allow the party to remain present during the questioning and testimony regarding the same.

8. **Inadvertent Failure to Designate.**

If timely corrected, an inadvertent failure to designate Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If Protected Material is appropriately designated as "CONFIDENTIAL" or "AEO" after the material was initially produced, the receiving parties, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Order's provisions.

9. **Challenges.**

In the event that a party receiving information marked "CONFIDENTIAL" or "AEO" objects to the designation, or a party objects to the designation of any portion of any testimony as "CONFIDENTIAL" or "AEO" (the "Challenging Party"), counsel for the Challenging Party shall notify the producing or designating party of Challenging Party's objections in writing, except that counsel for the Challenging Party may verbally object if the objection pertains to the designation of any portion of any testimony as "CONFIDENTIAL" or "AEO" during the taking of testimony.

The parties will use their best efforts to resolve the objections between themselves. If the parties cannot resolve the objections, the Challenging Party may: (a) contact the Court during the course of a deposition, as provided for above, or make an appropriate motion, during the course of a hearing or trial, to challenge the propriety of the designation and/or whether the designation should preclude a party's access to the information under the particular circumstances; and/or (b) file a motion seeking a determination by the Court with respect to the propriety of the designation. The producing/Designating Party carries the burden of justifying its "CONFIDENTIAL" or "AEO" designations.

10. **Return of Protected Material.**

Within thirty (30) days after the termination of this Action, or, if a judgment is procured in this action and a subsequent Action has been filed to enforce that judgment within (30) days of the termination of this Action, within thirty (30) days after the termination of all Actions filed to enforce that judgment, counsel in possession of information or documents designated as "CONFIDENTIAL" or "AEO" shall either: (a) assemble and return all designated Protected Material in its custody or control to the producing party; or (b) certify in writing to counsel for the other parties to this Action that receiving counsel has destroyed the Protected Material. "Termination," as used herein, shall mean the final determination of this Action with respect to all parties, including actual or potential appeals under applicable law.  Notwithstanding the foregoing, nothing in this paragraph shall require: (a) the destruction of pleadings or of research memoranda or other such materials prepared by or for counsel in connection with the prosecution or defense of this Action; and/or (b) the destruction or return of documents, material, or other information to which a party is entitled independent of the discovery conducted in this Action.

11. **Designation of Documents Under Seal and Use of Documents at Trial.**

7

(a) Any document that is designated as "CONFIDENTIAL" or "AEO" shall be filed with the Court under seal (though any portion of such filing that does not contain such information shall not be filed under seal) along with a Motion to Seal.

(b) Before the trial of this action, or before any hearing in which "CONFIDENTIAL" or "AEO" Protected Material may be used or introduced, counsel for all parties shall seek to reach agreement on the handling of "CONFIDENTIAL" or "AEO" Protected Material at the trial or hearing. If no agreement is reached among counsel, any party may file an appropriate motion seeking the relief the party deems appropriate. The party seeking to protect material from public disclosure shall carry the burden of justifying the basis therefor.

12. **Documents from Public Domain.** If a Party obtains a document from the public domain, either before or after disclosure in this case, the restrictions set forth in this Protective Order shall not apply. If a Party obtains information from a third-party source other than through formal or informal discovery in this Litigation, the restrictions set forth in this Protective Order shall not apply, provided, however, if a Party knows, should know, or is informed that the third-party source either did not obtain the information lawfully or was under an obligation of confidentiality with respect to the information, then the Parties shall meet and confer on the issue or seek review by the Court, in which case the information shall be treated as Protected Material until the Court has ruled. The restrictions set forth in this Order shall not apply to a party's disclosure or use of its own Protected Material for any purpose.

13. **Unauthorized Disclosures.** In the event of disclosure of any Confidential Information to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall promptly inform counsel for the Designating Party whose Confidential Information has thus been disclosed of all information

disclosed, to whom it was disclosed, and when it was disclosed. The responsible party shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

14. **Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "AEO" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. **Non-Waiver.** Under the terms of this Protective Order, the Parties have not waived:

    a. any right to seek another Order from the Court with regard to any document or testimony, whether or not within the purview of this Protective Order;

    b. any right to take any other actions available to such Party under law with regard to any invasion of privacy or breach of confidentiality; and

    c. any right to object to the admissibility of any document or testimony on any grounds.

    d. Any right to seek an Order from this Court imposing further restrictions on the dissemination or handling of Protected Material, to seek to rescind, modify, alter, or amend this Order with respect to particular Protected Material, or to seek relief from a term or condition of this Order.

16. **No Admission or Prejudice.** Compliance with the terms of this Protective Order is not intended to, nor shall it:

      a.    operate as an admission by any Party that any particular material designated as Protected Material contains or reflects proprietary or confidential personal or commercial information or other confidential matter;

      b.    prejudice in any way the rights of any Party or third party to object to the production of documents he, she, or it considers not subject to discovery;

      c.    prejudice in any way the right of any Party or third party to seek a determination by the Court (i) whether particular discovery materials should be produced; or (ii) if produced, whether such material should be subject to the terms of this Protective Order;

      d.    operate as a waiver of any claim or defense asserted by the Parties or of the right, if any, of any Party to make any other type of objection, claim, or other response.

17.    **Continuing Jurisdiction.** The Court shall retain jurisdiction over the Parties for the purpose of enforcing the Protective Order. The recipient of any Protected Material hereby agrees to subject him/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

18.    **Failure to Comply.** This Protective Order will be enforced by the sanctions set forth in the Federal Rules of Civil Procedure and Local Rules of this Court, and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

19.    **Information Used Exclusively for this Action.** The information shared pursuant to this Order shall be used only in the prosecution or defense of this action.

20. **Clawback Agreement.** If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material or attorney work-product, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

21. **Parties' Agreement to Be Bound.** The parties agree to be bound by the terms and conditions of this Order as of the date in which this Order is filed with the Court.  This Order shall remain binding on the parties while pending the Court's approval and endorsement.

22. **Right to Further Relief.**  Nothing in this Order abridges the right of the parties to seek its modification by the Court in the future.

23. **Survival.**  The terms of this Order shall survive any final disposition of this Action.

[*Signatures on following page.*]

ENTERED this \_\_\_\_ day of _____, 2022.

_____
The Honorable Stephanos Bibas

|  |  |
|---|---|
|  | **CHIPMAN BROWN CICERO & COLE, LLP** |
| OF COUNSEL: | /s/ *Joseph B. Cicero* |
|  | Joseph B. Cicero (#4388) |
| Karl C. Huth | Gregory E. Stuhlman (#4765) |
| Matthew J. Reynolds | Aidan T. Hamilton (#6729) |
| Sara G. Wilcox | Hercules Plaza |
| **HUTH REYNOLDS LLP** | 1313 North Market Street, Suite 5400 |
| 41 Cannon Court | Wilmington, Delaware 19801 |
| Huntington, NY 11743 | (302) 295-0191 |
| (212) 731-9333 |  |
|  | *Attorneys for Plaintiffs INNOVATE 2 Corp. and Leo Capital Holdings* |
|  | **LABATON SUCHAROW LLP** |
| OF COUNSEL: | /s/ *Ned Weinberger* |
|  | Ned Weinberger (#5256) |
| David J. Schwartz | 300 Delaware Avenue, Suite 1340 |
| Ira A. Schochet | Wilmington, Delaware 19801 |
| Carol C. Villegas | (302) 573-2540 |
| Jake Bissell-Linsk |  |
| **LABATON SUCHAROW LLP** | *Attorneys for Plaintiff Continental General Insurance Company* |
| 140 Broadway |  |
| New York, NY 10591 |  |
| (212) 907-0700 |  |
|  | **VENABLE LLP** |
| OF COUNSEL: | /s/ *Daniel A. O'Brien* |
|  | Daniel A. O'Brien (# 4897) |
| Brian L. Schwalb | 1201 North Market Street, Suite 1400 |
| George Kostolampros | Wilmington, Delaware 19801 |
| **VENABLE LLP** | (302) 298-3535 |
| 600 Massachusetts Avenue, NW |  |
| Washington, DC 20001 | *Attorneys for Defendants* |
| (202) 256-3275 |  |

12

**EXHIBIT A**
**CONFIDENTIALITY AGREEMENT**

I, _____, declare that:

1. I have read the Protective Order agreed to by the parties and ordered by the United States District Court for the District of Delaware in the action Innovate 2, Corp, et al. v. Motorsport Games Inc., et al., Case No. 21-00165-SB.

2. I understand the Protective Order and agree to be bound by its terms.

3. I will hold in confidence all Confidential Information provided to me.

4. I understand that the Confidential Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such information.

5. I will return all Confidential Information in my possession, copies thereof, and notes that I have prepared relating thereto, to counsel for the party by whom or on whose behalf I am retained upon the request of such counsel.

6. I understand that a violation of the terms of the Protective Order may be punishable by appropriate sanctions and may be treated as if contempt by an order of the Court.

7. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____   _____